## BELTONE HEARING AID CO. v. AMERICAN SOUND PRODUCTS, Inc.

No. 10736.

United States Court of Appeals Seventh Circuit.

May 1, 1953.

Armin J. Herz and Dugald S. McDougall, Chicago, Ill., for appellant.

Maurice S. Cayne, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from a judgment entered September 18, 1952, dismissing, for want of equity, plaintiff's complaint which charged defendant with infringement of claims 1, 5, 7, 9 and 10 of Posen patent No. Re. 23,203, on the ground that such claims were invalid for want of invention. The judgment was predicated upon findings of fact and conclusions of law entered concurrently therewith.

The patent, now owned by plaintiff as assignee, is a re-issue of patent No. 2,482,288, issued September 20, 1949, on an application originally filed March 17, 1944, entitled "Wearable Electronic Hearing Aid Having The Amplifier And The Batteries Contained In A Common Casing." The defendant here, as it did in the District Court, relies upon Tresise No. 2,424,422, issued July 22, 1947, Lybarger No. 2,444,302, issued June 29, 1948, and Reed No. 1,354,211, issued September 28, 1920, as pertinent prior art. Other prior art patents are shown but we think they are of little, if any, importance. It is sufficient to note that hearing aid devices were old but, prior to Tresise, the mechanism of such devices was contained in two or more separate compartments. Posen conceived the idea of assembling such mechanism in a single receptacle. In the Patent Office, in an interference proceeding, Tresise was declared the first inventor of such a device and a patent was issued to him over Posen. Thereafter, Posen was awarded the reissue claims in suit.

It is not open to doubt but that Posen's original invention was directed solely at a small, single-unit device. There is nothing in his specifications or his claims which indicates that he had any other concept. As is stated in his specifications:

"It is one of the main objects of this invention to combine the microphone, the amplifier and the batteries of a hearing aid into a single unit which is small and light enough to be carried on the body."

And again:

"It is a further object of the invention to provide a wearable hearing aid.

in which the batteries and the electron tube amplifier together with the microphone are so distributed within a single casing that the latter becomes small enough to be worn in a garment pocket of ordinary size."

The claims were drawn in accordance with such conception.

It was only after an adjudication in the Patent Office that Tresise, not Posen, was the inventor of a device contained in a single casing that Posen was allowed the reissue patent which relates to a rearrangement or combination of elements, all clearly disclosed in the prior art patents. Defendant asserts that this conception on the part of Posen, as is supposedly embodied in the reissue patent, was clearly an afterthought. Relative thereto, plaintiff in its brief states:

"At the time Posen filed his application for patent, he believed himself to be the first inventor to create a wearable electronic hearing aid having the microphone, amplifier, and batteries enclosed in a single casing. * * * As we pointed out in our original brief, Posen learned as a result of the Patent Office interference proceeding that Tresise had preceded him as the first inventor of a single-unit instrument, and that Posen's invention was accordingly limited to his novel mode of construction, rather than embracing the broad single-unit concept. The claims were accordingly redrafted to define that novel mode of construction, a procedure that was entirely proper. [Citing cases.]"

We need not question the procedure or that Posen could have had a delayed conception rising to the dignity of a patentable invention upon which the reissue patent was allowed, but we are convinced that the circumstances militate against the contention. Plaintiff in its brief states:

"The inventive concept underlying the reissue patent was its inventor's conscious realization that the small size required of a wearable hearing aid need not necessarily require that access to its tubes be restricted to highly trained factory experts. Posen, the inventor, conceived that, by departing sharply from the then generally followed principles of structural design in hearing-aid instruments, he could render practical the interchange of the tubes by unskilled or semi-skilled persons."

Plaintiff describes the result envisioned by Posen as the combination of three structural steps:

"(1) The hearing aid instrument was mounted on a panel with the components distributed on both sides thereof, the microphone being mounted on the front side of the panel and the tubes being mounted on the rear side thereof, (2) the panel was mounted in the upper part of a casing having a relatively fixed front wall extending the full length of the casing and having a divided back wall whose upper and lower portions were separately openable, and (3) the tubes were removably mounted on the rear face of the panel in plug-in spring sockets."

More tersely, Posen's invention, if such it be, consisted of a panel dividing the upper portion of the casing, upon which the microphone was mounted on the front side, the plug-in tubes on the rear side, with the upper back portion of the casing secured in place by screws. The advantage asserted is that the upper part of the casing being removable permitted ready access to the tubes and, consequently, their easy removability for repair or replacement without doing damage to the delicate microphone located on the opposite side of the panel.

Neither the amendment to the specifications nor the claims made in connection with the reissue patent furnishes any appreciable support to plaintiff's present contention. In fact, it appears that at that time, as in the beginning, the idea uppermost in the mind of the patentee was the construction of a single-unit device. The sole amendment to the original patent specification is as follows:

"A further object of the invention is to provide a wearable electronic hearing aid having the microphone, the electron tube amplifier and the batteries all in-

closed in a flat casing small enough to be worn in an ordinary garment pocket, this casing being so constructed and the batteries, the electron tubes and the microphone being so arranged in the casing that the parts mentioned are accessible by the exertion of different efforts, namely, said batteries by the smallest effort, said electron tubes by a greater effort and said microphone by a still greater effort."

Obviously, the objective thus stated fails to disclose the invention now asserted.

Of the claims in suit, 5, 7, 9 and 10 were added in the reissue application and not one of them discloses or calls for a panel with the microphone attached to one side and the tubes to the other, which we understand to be the heart of the asserted invention. It is significant to note that only claim 1 in suit provides for "a panel dividing lengthwise the upper portion of said casing * * * with the arrangement of said microphone and some of the amplifier elements on that side of the panel which faces said front wall and of the other amplifier elements, including said tubes, on the part of said panel facing said upper back cover." This claim, however, was contained in the original patent; it was not new to the reissue patent. This is a further indication, so we think, that Posen's asserted patentable conception embodied in the reissue patent was not materially different from that shown in the original patent.

The District Court, referring to Tresise, found that it showed the following features of the patent in suit:

"1. A hearing aid unit that embodied batteries, microphone and amplifying elements in a single casing small enough to be worn in the pocket of the person.

"2. A wearable hearing aid having an interposing panel, on both sides of which are mounted the various elements of a hearing aid."

As to the Lybarger patent, the court found that it showed the following elements of the patent in suit:

"1. The use of plug-in tubes in a hearing aid.

"2. The mounting of the tubes with respect to the other amplifying elements, whereby the said tubes may be replaced without exposing the rest of the amplifier elements to view or to tampering."

Plaintiff does not seriously controvert the validity of these findings but argues that they are irrelevant on the theory that Posen arranged these elements into a novel and true combination giving rise to a patentable invention. We do not agree, and in any event we are not persuaded that the findings of the District Court to the contrary are clearly erroneous. As we have attempted to show, we think it doubtful that Posen either in his amended specifications or claims disclosed that which he now relies upon as his invention. The most that can be said in his favor is that he suggested an arrangement of parts which constituted some improvement. Providing a removable lid for the upper portion of the casing and for plug-in tubes so that they might be readily accessible and more easily removed certainly required no more than mechanical ingenuity, and these elements in combination with a panel on which the tubes and microphone could be mounted did not, in our judgment, rise to the dignity of a patentable invention. Moreover, as already suggested, it appears that Posen's purpose in thus mounting the tubes and microphone was to conserve space, resulting in a smaller device, rather than for the protection of the microphone as is now urged. In our view, the highest evaluation which can be given to Posen's improvement places it in a category similar to that claimed for the structure involved in Hamilton Mfg. Co. v. Illinois Surgical Supply Co., 7 Cir., 193 F.2d 938. In that case, we affirmed the judgment of the District Court invalidating the patent. We conclude that we must do likewise in the instant case.

It thus becomes unnecessary to consider other arguments advanced by the plaintiff, including the asserted commercial success attributed to the device of the patent in suit.

The judgment appealed from is

Affirmed.